UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

IN THE MATTER OF THE ARBITRATION OF
THE CLAIM OF ROBERT J. PARNELL,

        Petitioner,

-v-                                        No. 07 Civ. 153 (LTS)

TREMONT CAPITAL MANAGEMENT, CORP. et al.,

        Respondents.

-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/16/07

## MEMORANDUM ORDER

        Before the Court is the Petition of Robert J. Parnell to confirm the Partial Final and Final arbitration awards entered in the international arbitration proceeding entitled <u>In the Matter of the Arbitration of the Claim of Robert J. Parnell v. Tremont Capital Management, Corp. et al.</u>, International Centre for Dispute Resolution Case No. 50 166 T 00167 05. Respondents cross move to vacate or modify the Final award. Petitioner also moves for an award of his attorneys' fees in connection with the instant petition. The Court has jurisdiction of this action pursuant to 9 U.S.C. section 203. The Court has reviewed thoroughly all the parties submissions.

        As an initial matter, the Court notes that there is no dispute between the parties that Tremont US was a proper party to the arbitration proceeding.

Confirmation of Arbitration Awards

"The showing required to avoid summary confirmation of an arbitration award is high, . . . and a party moving to vacate the award has the burden of proof." Willemijn Houdstermaatschappij, VB v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). An award should be upheld as long as there is a "barely colorable justification for the outcome reached." Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, AFL-CIO, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted).

Section 10 of the Federal Arbitration Act specifies narrow grounds for vacatur of an arbitration award, including "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4) (West 2006). To this end, courts will not enforce an award that is incomplete, ambiguous, or contradictory. See Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), 500 F.2d 921, 923 (2d Cir. 1974). Additionally, an award may be vacated if it is found to be in manifest disregard of the law. See DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir. 1997). To determine that the arbitrators acted in manifest disregard of the law, a court must find that the arbitrators refused to apply or ignored an explicit and well defined governing legal principle that was clearly applicable to the case. See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 184 F. Supp. 2d 271, 274 (S.D.N.Y. 2002). Courts will not find manifest disregard "where an arbitral award contains more than one plausible reading . . . if at least one of the readings yields a legally correct justification for the outcome." See Duferco Int'l

Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 390 (2d Cir. 2003).

The Court finds that Respondents have not sustained their heavy burden of demonstrating that confirmation of the instant arbitration awards should be refused. The gravamen of Respondents' argument is principally that the arbitrators' decision to hold Tremont US jointly and severally liable with Tremont Canada for the C$ 2,029,744 call option payment was inconsistent with their earlier finding that Tremont US had not agreed to guarantee Tremont Canada's obligations under the Shareholders' Agreement.

The decision imposing joint and several liability upon Tremont US included a finding that Tremont Canada was acting in the sole interest, and at the behest, of Tremont US, the remaining shareholder of Tremont Canada, in exercising the call option. The Final Award thus provides, on agency veil piercing or equitable principles, a colorable justification for the imposition of joint and several liability. Furthermore, as Petitioner argues, a provision of the Shareholders' Agreement obliging Tremont US to "take all action which may be necessary . . . to make funds available [to Tremont Canada] in an amount sufficient to pay" the call option obligation[1] could be read to encompass an obligation to supply the necessary funds. For these reasons, and for substantially the reasons articulated in Petitioner's submissions, the Court finds that Respondents have failed to demonstrate that the arbitrators exceeded their authority, that the award was ambiguous or otherwise contradictory, or that the award was in manifest disregard of the law. Accordingly, the arbitration awards are affirmed and Respondents' cross-motion to vacate or modify the Final Award is denied.

---

[1] Shareholders' Agreement, § 6.4(I) (Ex. B to Answer to Pet.).

Petitioner's Request for Attorneys' Fees Award

A court may award attorneys' fees pursuant to its inherent authority when a "party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Kerin v. U.S. Postal Serv., 218 F.3d 185, 190 (2d Cir. 2000) (internal quotation marks and citation omitted). In the Second Circuit, legal fees may be awarded in the context of a petition to confirm an arbitration award if the challengers refuse to abide by an arbitrator's decision without justification. See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985). Having considered carefully the positions taken by the parties in connection with the instant motion, the Court finds that Respondents' actions do not warrant an assessment of liability for attorneys' fees pursuant to the Court's inherent authority.

Nor is Petitioner's appeal to the law of Ontario as a source of authority for its desired award availing. Even if the Court were to accept the proposition that resort to the law of Ontario is appropriate notwithstanding the New York choice of law provision in the relevant contract, the authority cited by Petitioner merely alludes to the proposition that costs are generally assessed against the losing party in litigation in that Canadian province. Indeed, the history of the case upon which Petitioner relies makes it clear that Ontario courts exercise discretion in determining whether awards are appropriate. In the circumstances of the instant matter, the Court declines to make any award of Petitioner's attorneys' fees.

## Conclusion

For the foregoing reasons, Petitioner's application for confirmation of the Partial Final and Final Awards is granted, Respondent's cross-motion to vacate or modify the Final

Award is denied, and Petitioner's application for an award of his attorneys' fees is denied.

Petitioner is directed to prepare, serve on Respondents and submit to the Orders and Judgments Clerk of this Court, a proposed judgment reflecting these determinations and setting forth the confirmed monetary awards with pre-judgment interest and providing for post-judgment interest in accordance with 28 U.S.C. § 1961.

SO ORDERED.

Dated: New York, New York
February 15, 2007

LAURA TAYLOR SWAIN
United States District Judge